NO. 16-3838

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

### UNITED STATES OF AMERICA,
*Appellee*

vs.

### FREDDIE LOPEZ-ESMURRIA,
*Appellant*

On Appeal from the amended judgment entered in the United
States District Court for the Middle District of Pennsylvania
on September 27, 2016 at 1:11-CR-230-1 (Kane, J)

# BRIEF OF APPELLANT
# APPENDIX, VOLUME I, PAGES 1-15

Samuel Rivera, Esquire
P.O. Box 62051
Harrisburg, PA 17106
(717) 232-9021
*Attorney for Appellant,*
*Freddie Lopez-Esmurria*

# TABLE OF CONTENTS

I.    STATEMENT OF JURISDICTION ..................................................1

     A.    Statement of Subject Matter Jurisdiction ...........................1

     B.    Statement of Appellate Jurisdiction .................................1

II.   STATEMENT OF THE ISSUES ON APPEAL .........................................3

III.  STATEMENT OF THE CASE AND FACTS............................................4

     A.  Trial and Initial Sentencing .......................................4

     B.  Lopez-Esmurria's First Direct Appeal ..............................5

     C.  District Court's Resentencing Proceedings ........................5

IV.  RELATED CASES AND PROCEEDINGS............................................6

V.   STANDARDS OF REVIEW.......................................................7

VI.  SUMMARY OF ARGUMENT.......................................................8

VII. ARGUMENT .................................................................9

     A.   The District Court violated Lopez-Esmurria's Sixth Amendment Right at resentencing when it made a larger drug quantity finding in contradiction to the jury's affirmative drug quantity finding on a Special Verdict Form. ......................9

VIII. CONCLUSION...............................................................17

**CERTIFICATIONS of Bar Membership, Identical Text, Virus Check, and Word Count**

**CERTIFICATE OF SERVICE**

# APPENDIX

**Volume I (attached to Brief)** ........................................................................ 1-15
    Notice of Appeal........................................................................................1
    U.S. District Court Amended Judgment ....................................................3
    Opinion, *United States v. Lopez-Esmurria*, No. 14-4166 (3rd Cir. 2015) ....10

**Volume II** ................................................................................................. 16-101
    Criminal Docket Entries ..........................................................................16
    Indictment ...............................................................................................26
    Verdict Form............................................................................................30
    Transcript, Resentencing Hearing, June 2, 2016 ......................................38
    Government's Memorandum on Drug Weight.............................................45
    Appellant's Memorandum on Drug Weight................................................66
    Order, District Court Re-Calculation of Drug Weight ..............................80
    Transcript, Resentencing Hearing, September 27, 2016 ...........................83

**CERTIFICATIONS of Bar Membership, Identical Text, Virus Check, and Word Count**

**CERTIFICATE OF SERVICE**

**_Submitted Under Seal_**

Presentence Report, Addenda

# TABLE OF CITATIONS

## Cases

*Apprendi v. New Jersey,*
    530 U.S. 466 (2000)……………………………………………………..9

*Blakely v. Washington,*
    542 U.S. 296 (2004)……………………………………………………….10

*Cunningham v. California,*
    549 U.S. 270 (2007) ……………………………………………….10, 11

*In re Winship,*
    397 U.S. 363 (1970)...……………………………………...……….9

*Kimbrough v. United States,*
    552 U.S. 85 (2007) …………………………………….……………..7

*Mitchell v. Prunty,*
    104 F.3d. 1337 (9th Cir. 1997)……………………………….…………11

*United States v. Booker,*
    543 U.S. 220 (2005)...………………………………………….………9, 10

*United States v. Collado,*
    975 F. 2d 985 (3d Cir. 1992)………………………………….…………7

*United States v. Pimentel-Lopez,*
    828  F.3d 1173 (9th Cir. 2016)………………………………….5, 12, 14

*United States v. Watts,*
    519 U.S. 148 (1997) (per curium)……………………………..……13, 16

## Constitution and Statutes

U.S. CONST. amend. VI ..…………..……………………………..5, 7-9, 11-12, 15

18 U.S.C. § 3553(a) ..………………….………………………………………..15

18 U.S.C. § 3231 …………………………………………………………….…..1

18 U.S.C. § 3742(a) …………………………………….………………………..2

21 U.S.C. § 841(a)(1) ….…..………..……...…………………………...……..… 4

21 U.S.C. § 846 ……………………..……………………………………………..4

28 U.S.C. § 1291 …………………………………………………….…………..1

## I.    STATEMENT OF JURISDICTION

### A.    Statement of Subject Matter Jurisdiction

This case commenced with the prosecution of Appellant, Freddie Lopez-Esmurria, for a violation of the laws of the United States.  United States District Courts have original jurisdiction over such prosecutions pursuant to Section 3231 of Title 18 of the United States Code, 18 U.S.C. § 3231, which provides in pertinent part, that "the District Courts of the United States shall have jurisdiction . . . of all offenses against the laws of the United States."  Venue was conferred upon the U.S. District Court for the Middle of Pennsylvania by Rule 18 of the Federal Rules of Criminal Procedure which provides, in pertinent part, that ". . . the prosecution shall be had in a district in which the offense was committed."

### B.    Statement of Appellate Jurisdiction

After conviction and upon remand, Appellant was resentenced by the Honorable Yvette Kane of U.S. District Court for the Middle District of Pennsylvania to 96 months imprisonment on counts 1, 2, 3 and 4.

This is an appeal of the District Court's amended judgment of conviction and commitment entered on September 27, 2016, imposed by the Honorable Yvette Kane.  (App. 3).  This Court has jurisdiction under 28 U.S.C. § 1291, as an appeal from a final decision of a district court, and, more specifically, under 18

U.S.C. § 3742(a), as an appeal of a sentence imposed under the Sentencing Reform Act of 1984. A Notice of Appeal was timely filed on October 11, 2016. (App. 1).

II.  **STATEMENT OF THE ISSUE PRESENTED FOR APPEAL AND DESIGNATION OF WHERE THE ISSUE WAS RAISED AND RULED UPON.**

A. **Whether the District Court violated Lopez-Esmurria's Sixth Amendment Right at resentencing when it made a larger drug quantity finding in contradiction to the jury's affirmative drug quantity finding on a Special Verdict Form?**

Mr. Lopez-Esmurria objected at sentencing to any drug quantity calculation that was contrary to the jury's finding (App. 86). The District Court overruled this objection at the sentencing proceeding. (App. 88-89).

## III.    STATEMENT OF THE CASE AND FACTS

### A.    Trial and Initial Sentencing

On August 10, 2011, Lopez-Esmurria was charged in a four-count

Indictment, and on January 20, 2014, was convicted of cocaine and heroin

distribution under 21 U.S.C. § 841(a)(1) and related conspiracies under 21 U.S.C.

§ 846.  The jury was given a special verdict form with ranges of drug quantities.

The jury checked off that it had found unanimously and beyond a reasonable doubt

that Lopez-Esmurria trafficked less than 500g of cocaine and less than 100g of

heroin, and did not check off any of the higher drug quantities.  (*See* App. 30-37).

A Presentence Report (PSR) was prepared by the U.S. Probation Office that

noted the base offense level was 32 (5 kgs - 15 kgs of cocaine).  Lopez-Esmurria

received a two-level enhancement and a two-level increase for his role in the

offense.  (PSR ¶¶ 29-30).  Lopez-Esmurria objected to the drug quantities found in

the PSR.  At sentencing, the District Court found, by a preponderance of the

evidence, that Lopez-Esmurria trafficked 9kg of cocaine and 320g of heroin.  The

District Court's findings raised Lopez-Esmurria's Sentencing Guidelines offense

level from <u>20</u> to <u>36</u>.  Based on a Category II Criminal History, Lopez-Esmurria's

Guidelines Sentence range increased from 36-47 months to 210-262 months.  The

District Court sentenced Lopez-Esmurria to 210 months.

## B.    Lopez-Esmurria's First Direct Appeal

Lopez-Esmurria appealed to the United States Third Circuit Court of Appeals ("Third Circuit Court").  On appeal, he argued, among other things, that his Sixth Amendment rights were violated under the Supreme Court's *Apprendi* line of cases and that there was no reliable evidence to support the District Court's drug quantity findings.  On October 27, 2015, the Third Circuit Court affirmed Lopez-Esmurria's conviction but vacated the judgment of sentence and remanded the case to the District Court "for recalculation of the appropriate Guidelines Range on the record actually before it and resentencing." (*See* Opinion, App. 11-15).

## C.    District Court's Resentencing Proceedings

Lopez-Esmurria was scheduled for resentencing on June 2, 2016.  The District Court, however, continued the resentencing hearing and requested that the parties brief the applicable law and calculate the drug amounts attributable to Lopez-Esmurria.  (App. 39).  The Government and Lopez-Esmurria subsequently submitted legal memoranda in support of their relative positions.  (App. 45-78).  Lopez-Esmurria urged the District Court to resentence him to a range consistent with the jury's drug quantity finding on the Special Verdict Form (App. 66-79), and the Ninth Circuit Court of Appeals' recent decision in *United States v. Pimentel-Lopez*, 828 F.3d 1173 (2016) (Holding that a district judge is not entitled

to make a drug quantity finding in excess of that found by a jury in its special verdict form).

On September 27, 2016, after reviewing the memoranda and hearing argument, the District Court re-calculated the cocaine and heroin drug quantities and found the cocaine drug quantities higher than the jury's finding on the Special Verdict Form. (App. 80-82). Based on this recalculation, the District Court resentenced Lopez-Esmurria to 96 months. (App. 97). On October 11, 2016, Lopez Esmurria filed a timely *pro se* Notice of Appeal with this Honorable Court. (App. 1). Lopez-Esmurria now submits this Brief in Support of his appeal.

## IV.   RELATED CASES AND PROCEEDINGS

Appellant is not aware of any related cases or proceedings

## V.    **STANDARDS OF REVIEW**

When reviewing the sentencing decisions of the District Courts, this Honorable Court exercises plenary review over legal questions about the meaning of the Sentencing Guidelines, but applies the deferential clearly erroneous standard to factual determinations underlying their application. *United States v. Collado*, 975 F. 2d 985, 990 (3d Cir. 1992).

This Court has *de novo* review of denials of a constitutional right to a fair trial under the Sixth Amendment when applying the guidelines. *See Kimbrough v. United States*, 552 U.S. 85 (2007).

## VI.  **SUMMARY OF ARGUMENT**

The jury determined beyond a reasonable doubt and noted on a Special Verdict Form agreed to by the parties that the amount of cocaine attributable to Lopez-Esmurria was less than 500 grams.  At resentencing, the District Court determined that the drug amount attributable to Lopez-Esmurria was 565 grams by the lesser preponderance of the evidence standard.  If the jury determined, beyond a reasonable doubt, that Lopez-Esmurria was responsible for less than 500 grams, it was an unconstitutional usurpation of the jury's fact-finding role, in violation of the Sixth Amendment of the United States Constitution for the District Court to determine by a lesser standard of proof that he was responsible for a higher drug quantity.

# VII. ARGUMENT

**A.  The District Court violated Lopez-Esmurria's Sixth Amendment Right at resentencing when it made a larger drug quantity finding in contradiction to the jury's affirmative drug quantity finding on a Special Verdict Form.**

The right to a jury trial is "fundamental to our system of justice." *United States v. Booker*, 543 U.S. 220, 239 (2005).  The Supreme Court holds that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 363, 364 (1970).  This protection is of "surpassing importance" and is "as equally well-founded" as the right to a jury determination. *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000).  This reasonable-doubt standard can extend to facts found by judges. *Winship*, 397 U.S. at 359-60.

In Lopez-Esmurria's case, the jury was provided with a Special Verdict Form which had specific questions concerning drug quantities.  The Special Verdict Form, more importantly, asked the jury to determine the drug quantity proven by the Government beyond a reasonable doubt.  Ultimately, the jury found beyond a reasonable doubt that the drug quantity proven by the Government was less than 500 grams of cocaine hydrochloride and less than 100 grams of heroin. (App. 30-37).

Lopez-Esmurria's contends that the District Court did not have the authority to make a drug quantity finding that exceeded that found by the jury in the Special Verdict Form. Lopez-Esmurria argues that by selecting a range of drug amount on the Special Verdict Form, the jury not only determines beyond a reasonable doubt a particular drug amount range, it also specifically determines beyond a reasonable doubt what the drug amount is <u>not</u>.

The Supreme Court has determined that a judge's constitutional "authority to sentence derives wholly from the jury's verdict." *Blakely v. Washington*, 542 U.S. 296, 306 (2004). "When a judge inflicts punishment that the jury's verdict alone does not allow" the judge exceeds his authority and the punishment is unconstitutional. *Blakely*, 542 U.S. at 304. The maximum sentence a judge may impose must be based on the facts found by the jury or admitted by the defendant. *Blakely*, 542 U.S. at 303. The Supreme Court has applied its holding in *Apprendi* that any fact that exposes a defendant to a sentence in excess of the relevant statutory maximum must be found by a jury, not a judge, and established beyond a reasonable doubt to judge-found facts triggering sentence range increases and found the sentences unconstitutional. *Cunningham v. California*, 549 U.S. 270, 282-287 (2007) (discussing *Blakely* and *United States v. Booker*, 543 U.S. 220 (2005)).

In *Cunningham*, the Supreme Court stated that "[b]ecause the judge in Blakely's case could not have imposed a sentence outside the standard range without finding an additional fact, the top of that range – 53 months, and not 10 years – was the relevant statutory maximum." 549 U.S. at 284. Moreover, the Supreme Court discussed that, in *Booker*, when the facts found by the jury about drug amounts yielded one Guideline range, and the judge determined a higher drug amount and sentenced Booker in a higher Guideline range, it was unconstitutional. *Cunningham*, 549 U.S. at 284-287. "Placing sentence-elevating factfinding within the judge's province" violates the Sixth Amendment, *Id.* at 274, and "[a]ny fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge." *Id.* at 281. "If the jury's verdict alone does not authorize the sentence, if, instead, the judge must find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied." *Id.* at 290. *See also, Mitchell v. Prunty*, 107 F.3d 1337, 1339 n. 2 (9th Cir. 1997) (Special findings ... are dispositive of the questions put to the jury. Having agreed to the questions, the government cannot now ask ... to ignore the answers; to do so would be a clear violation of petitioner's Sixth Amendment rights.)

On Lopez-Esmurria's first direct appeal, this Honorable Court was most concerned about the vastly different drug quantity findings between the jury (less than 500 grams of cocaine and less than 100 grams of heroin) and the District

Court (9 kilograms of cocaine and 320 grams of heroin). (App. 13-15). This Honorable Court, however, found that the District Court's sentencing did not violate the *Apprendi* line of cases, but did not make a determination as to whether the affirmative drug quantity findings made by the jury on the Special Verdict Form precluded the District Court from making a contradictory finding during sentencing. In other words, the question remains as to whether the inconsistency between the jury's specific finding of less than 500 grams of cocaine on the Special Verdict Form, and a later finding by the judge during sentencing that the amount of cocaine was more than 500 grams is a violation of Lopez-Esmurria's Sixth Amendment rights.

Lopez-Esmurria contends that the Government agreed to a Special Verdict Form that set both a lower and an upper limit for the amount of drugs involved. Lopez-Esmurria respectfully requests This Honorable Court to consider the recent decision of the Ninth Circuit Court of Appeals ("Ninth Circuit Court") in *United States v. Pimentel-Lopez*, 828 F.3d 1173 (9th Cir. 2016). The facts in *Pimentel-Lopez* are similar to the case now before this Honorable Court. In *Pimentel-Lopez*, the jury was given a special verdict form to fill out with respect to the drug quantities proven by the government. The jury checked off that it had found unanimously and beyond a reasonable doubt that the defendant was responsible for

less than 50g of methamphetamine, and did not check off 50 grams or more, or 500 grams or more. *Id.* at 1173-1174.

At sentencing, the district court found that the actual drug quantity attributable to the defendant was 4.5 kg, which yielded a sentencing guidelines range of 235 to 293 months. The judge sentenced the defendant to 240 months. If the district court had followed the jury's finding, the defendant's sentencing range would have been 63 to 78 months. *Id.* at 1174.

The issue before the Ninth Circuit Court was whether the district judge had the authority to make a drug quantity finding that exceeded that found by the jury in the special verdict form. *Id.* The Ninth Circuit Court reasoned that this is not a case where a district judge is free to find the same fact under a less stringent standard of proof. *See, e.g., United States v. Watts*, 519 U.S. 148, 157 (1997)(per curium). *Id.* The Ninth Circuit Court also found that the *Apprendi* line of cases had no bearing on their analysis and stated that the district court cannot attribute more than that amount to defendant without contradicting the jury on a fact it found as a result of its deliberations. *Id.* at 1175. The Ninth Circuit Court observed that "[d]istrict judges have many powers, but contradicting juries as to findings of facts they have been asked to make is not among them." *Id.* at 1174. The Ninth Circuit Court ultimately found in favor of the defendant and remanded the case

directing that the defendant be resentenced on the less than 50 grams, as the jury found. *Id.*

Like *Pimentel-Lopez*, *supra*, the jury in this case rejected any testimony indicating that Lopez-Esmurria was responsible for the distribution of the larger quantities of drugs. Specifically, the jury checked off on the Special Verdict Form that it had found unanimously and beyond a reasonable doubt that Lopez-Esmurria trafficked less than 500g of cocaine and less than 100g of heroin, and did not check off any of the higher drug quantities. Additionally, like *Pimentel-Lopez, supra*, the Government in this case agreed to a special verdict form setting the lower and upper ranges for the amount of drugs attributed to Mr. Lopez-Esmurria.[1]

Despite urging the District Court to consider the jury's special verdict form findings and the Ninth Circuit's decision in *Pimentel-Lopez, supra*, the District Court ultimately made a drug quantity finding (approximately 565 grams of cocaine) that contradicted the jury's determination of less than 500 grams of cocaine. (Order, App. 80-82).

---

[1] In *Pimentel-Lopez, supra,* "the jury answered the questions it was asked and so the die is cast: The government cannot disavow the finding that the jury makes as a result." *United States v. Pimentel-Lopez*, No. 14-30210, slip op. 10 (9th Cir. July 15, 2016). The *Pimentel-Lopez* Court reasoned that "the record is clear that the jury didn't merely acquit defendant of possessing 50 grams or more of methamphetamine; it made an affirmative finding 'beyond a reasonable doubt' that the amount attributable to defendant was '[l]ess than 50 grams.' Our own case law, and simple logic, precludes us from vouchsafing sentencing judges the power to make contradictory findings under the circumstances." *Id.* at 9.

At the resentencing hearing, during his allocution, Mr. Lopez-Esmurria aptly

pointed out to the District Court –

> I always believed in the system and believed that if you had a right to
> a jury trial and you went in front of a jury and you were found guilty
> of something, you would actually get sentenced for what you were
> found guilty for and not anything else over or different from it.

(App. 88).  In response to Lopez-Esmurria's Sixth Amendment claim, the District

Court stated that it was constrained in its decision stating that it is "not the law of

this circuit" and that the court has to "make a finding based on a preponderance of

the evidence rather than a jury's finding beyond a reasonable doubt for drug

amounts …"  (App. 89).

Lopez-Esmurria contends that the District Court's findings are

fundamentally unfair and run afoul of the Sixth Amendment.  This case is

distinguishable from cases where the jury makes no specific findings as to quantity

or finds an unspecified amount of drugs.  In those cases, there would be no

inconsistency between the verdict handed down by the jury and any quantity that

the judge finds at sentencing.  But, in this case, the Government had its opportunity

to prove drug amounts beyond a reasonable doubt at trial, before the jury, and the

jury made an affirmative finding of specific drug amounts on a Special Verdict

Form, and those jury findings should not have been contradicted at resentencing.

Lopez-Esmurria acknowledges that while the sentencing court is free to

consider other factors under 18 USC § 3553(a) in fashioning an appropriate

sentence, or making findings of drug quantities where there is no Special Verdict Form, this is not the case here. The District Court specifically found over 500 grams of cocaine, in contradiction to the jury's findings on the Special Verdict Form. And, while the District Court has broad sentencing discretion, it did not consider any other sentencing factors warranting a different sentencing range than that generated by the jury's findings.

Lopez-Esmurria also maintains that his case is distinguishable from the *Watts*-type cases, which deal with jury acquittal on beyond a reasonable doubt standard and subsequent attribution by sentencing judges of the same facts by a lesser standard. *United States v. Watts*, 519 U.S. 148 (1997). Here, the Special Verdict Form specifically asked the jury for a finding of "guilty" or "not guilty" – and if found guilty – the jury had to make a separate factual finding of the drug amount for purposes of assessing the proper penalties for the violations. As such, the drug amount itself is not an element of the crime, and therefore the higher drug quantity not found by the jury cannot be construed as acquitted conduct under *Watts*.

## IX.    <u>CONCLUSION</u>

WHEREFORE, for all the foregoing reasons, Appellant, Freddie Lopez-Esmurria, respectfully requests that this Honorable Court remand this matter for resentencing consistent with the amount of drugs attributable to Lopez-Esmurria found beyond a reasonable doubt by the jury on the Special Verdict Form.


Respectfully submitted,


/s/    *Samuel Rivera*
Samuel Rivera, Esquire
Attorney I.D. No. 77413
P.O. Box 62051
Harrisburg, PA 17106
(717) 232-9021
*Attorney for Appellant,*
*Freddie Lopez-Esmurria*

# Volume I

*FILED*
*HARRISBURG, PA*

*OCT 1 1 2016*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 1: 11-cr-230-01 |
| v. | : | |
| | : | **NOTICE OF APPEAL** |
| | : | |
| FREDDIE LOPEZ-ESMURRIA | : | |

Notice is hereby given that the Defendant, Freddie Lopez-Esmurria, pro se,

appeals to the United States Court of Appeals for the Third Circuit from the

judgment and sentence entered in this action on September 27, 2016.

Mr. Freddie López-Esmurria
Pro Se Defendant
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111

Date: October 11, 2016

## CERTIFICATE OF SERVICE

I, Freddie Lopez-Esmurria, do hereby certify that on this date I served a

copy of the foregoing Notice of Appeal, by placing a copy in the United States

mail, first class in Harrisburg, Pennsylvania, addressed to the following:


Daryl F. Bloom, Esquire
United States Attorney's Office
Federal Building, Room 217
228 Walnut Street
Harrisburg, PA 17108


*Fredly Lopy*

Mr. Freddie López-Esmurria
Pro Se Defendant
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111


Date: October 11, 2016

Case 1:11-cr-00230-YK   Document 362   Filed 09/27/16   Page 1 of 7

AO 245C    (Rev. 02/16) Amended Judgment in a Criminal Case
Sheet 1    (NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
MIDDLE    District of  PENNSYLVANIA

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| **v.** | |
| FREDDIE LOPEZ-ESMURRIA | Case Number: 1:11-CR-230-01 |

USM Number: 12378-067

Samuel Rivera, Esquire
Defendant's Attorney

**Date of Original Judgment:**  10/3/2014
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☑ Correction of Sentence on Remand (18 U.S.C. §§ 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant  ☐ 28 U.S.C. § 2255 or
  ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)  1, 2, 3, 4
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC§846 | Conspiracy to Distribute & Possess w Intent to Distribute Cocaine Hydrochloride and Heroin | 6/23/2011 | 1 |
| 21 USC§841(a)(1) | Dist & Possess w Intent to Distribute Cocaine Hydrochloride | 6/23/2011 | 2 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/27/2016
Date of Imposition of Judgment

s/Yvette Kane
Signature of Judge

Yvette Kane, U.S. District Judge
Name and Title of Judge

9/27/2016
Date

3

AO 245C    (Rev 02/16) Amended Judgment in a Criminal Case
    Sheet 1A    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   2   of   7

DEFENDANT: FREDDIE LOPEZ-ESMURRIA
CASE NUMBER: 1:11-CR-230-01

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC §841(a)(1) | Dist & Possess w Intent to Distribute Heroin | 6/23/2011 | 3 |
| 21 USC § 856 | Maintaining a Drug-Involved Premises | 6/23/2011 | 4 |

4

Case 1:11-cr-00230-YK   Document 362   Filed 09/27/16   Page 3 of 7

AO 245C     (Rev. 02/16) Amended Judgment in a Criminal Case
            Sheet 2 — Imprisonment                                      (NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___3___ of ___7___

DEFENDANT:  FREDDIE LOPEZ-ESMURRIA
CASE NUMBER:  1:11-CR-230-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

*Ninety-six (96) months on each of the four counts to run concurrently

☐  The court makes the following recommendations to the Bureau of Prisons:

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

　　☐  at _____ ☐ a.m.   ☐ p.m.   on _____ .

　　☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐  before 2 p.m. on _____ .

　　☐  as notified by the United States Marshal.

　　☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 1:11-cr-00230-YK   Document 362   Filed 09/27/16   Page 4 of 7

AO 245C    (Rev. 02/16) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___4___ of ___7___

DEFENDANT: FREDDIE LOPEZ-ESMURRIA
CASE NUMBER: 1:11-CR-230-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three (3) years supervised release on each of the four counts to be served concurrently

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C . § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

14) the defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

Case 1:11-cr-00230-YK   Document 362   Filed 09/27/16   Page 5 of 7

AO245C    (Rev. 02/16) Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: **FREDDIE LOPEZ-ESMURRIA**
CASE NUMBER: **1:11-CR-230-01**

Judgment—Page ___5___ of ___7___

## ADDITIONAL SUPERVISED RELEASE TERMS

1) The defendant shall provide the probation officer with access to any requested financial information;

2) The defendant shall cooperate in the collection of a DNA sample as directed by the probation officer, unless a sample was collected during imprisonment;

3) The defendant shall submit to one drug test within 15 days of commencing supervision and at least two periodic drug tests thereafter for use of a controlled substance;

4) In the event the fine is not paid in full prior to the commencement of supervised release, the defendant shall, as a condition of supervised release, satisfy the amount due in monthly installments of no less than $50, to commence 30 days after release from confinement.

AO 245C    (Rev. 02/16) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __6__ of __7__

DEFENDANT: FREDDIE LOPEZ-ESMURRIA
CASE NUMBER: 1:11-CR-230-01

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 400.00 | $ 4,000.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS | $        0.00 | $        0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

8

AO 245C    (Rev. 02/16) Amended Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___7___ of ___7___

DEFENDANT: FREDDIE LOPEZ-ESMURRIA
CASE NUMBER: 1:11-CR-230-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑ Lump sum payment of $ __400.00__ due immediately, balance due

     ☐ not later than _____ , or
     ☑ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
     term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

During the term of imprisonment, the fine is payable every three months in an amount, after a telephone allowance, equal to 50% of the funds deposited into the defendant's inmate trust fund account. In the event the fine is not paid in full prior to the commencement of supervised release, the defendant shall, as a condition of supervised release, satisfy the amount due in monthly installments of no less than $50, to commence 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
     and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 14-4166

UNITED STATES OF AMERICA

v.

FREDDIE LOPEZ-ESMURRIA,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-11-cr-00230-001)
District Judge: Honorable Yvette Kane

Argued on July 7, 2015

Before: FUENTES, SLOVITER and ROTH, Circuit Judges
(Opinion filed: October 27, 2015)

Samuel Rivera, Esquire    **(Argued)**
Rivera Law Firm
P.O. Box 62051
Harrisburg, PA 17106

Counsel for Appellant

Daryl F. Bloom, Esquire    **(Argued)**
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

Counsel for Appellee

OPINION[*]

ROTH, Circuit Judge

Freddie Lopez-Esmurria was convicted of cocaine and heroin distribution under 21 U.S.C. § 841(a)(1) and related conspiracies under 21 U.S.C. § 846. The jury was given a special verdict sheet with ranges of drug quantities and found that Lopez-Esmurria trafficked less than 500g of cocaine and less than 100g of heroin. With respect to cocaine, the verdict form also presented options of weights between 500g and 5kg and greater than 5kg. With respect to heroin, the verdict form also presented options of weights between 100g and 1kg and greater than 1kg. The jury declined to choose those options. At sentencing, the District Court found, by a preponderance of the evidence, that Lopez-Esmurria trafficked 9kg of cocaine and 320g of heroin. These findings raised Lopez-Esmurria's Sentencing Guidelines offense level from 20 to 36. Based on a Category II Criminal History, Lopez-Esmurria's Guidelines Sentence range increased from 36–47 months to 210–262 months. The District Court sentenced him to 210 months. Lopez-Esmurria appealed.

Lopez-Esmurria first argues that his Sixth Amendment rights were violated under the Supreme Court's *Apprendi*[1] line of cases because the additional drug quantities at sentencing constituted an element of the crime that must be found by a jury. Under the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

2

*Apprendi* line of cases, facts that change the mandatory punishment a defendant is subject to—"elements" of a crime—must be found by a jury beyond a reasonable doubt.[2]  In 2007, we held in *United States v. Grier* that because Sentencing Guidelines are advisory,[3] *Apprendi* does not apply to facts relevant to enhancements.[4]  In 2013, the Supreme Court decided *Alleyne v. United States*, explaining that a factual finding that raises either the applicable mandatory maximums or minimums—not exclusively maximums as *Apprendi* held—triggers the Sixth Amendment inquiry.[5]  Lopez-Esmurria argues that because the drug quantities found by the judge were so vastly different from those found by the jury, he was subject to a greater mandatory minimum under 28 U.S.C. § 841(b) and the sentence is invalid under *Alleyne*.  But the District Court sentenced Lopez-Esmurria pursuant to the Guidelines, not to a mandatory minimum, and as we held last year, *Alleyne* did not upset our holding in *Grier*.[6]  We reiterate now that drug quantities are sentencing factors, not elements of the crime.  "Broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."[7]  Lopez-Esmurria has no claim under *Apprendi* or *Alleyne*.

Lopez-Esmurria also contends that there was not enough reliable evidence for the District Court to make the drug quantity findings it made.  Here he fares better.  We

---

[2] *See, e.g.*, *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013).

[3] *See United States v. Booker,* 543 U.S. 220, 259 (2005).

[4] 475 F.3d 556, 565-66 (3d Cir. 2007) (en banc).

[5] 133 S. Ct. at 2155.

[6] *United States v. Smith*, 751 F.3d 107, 117 (3d Cir. 2014) ("The Supreme Court's recent decision in [*Alleyne*] has not changed the field of play."); *see also United States v. Freeman*, 763 F.3d 322, 335-36 (3d Cir. 2014) (citing *Smith*, *supra*).

[7] *Alleyne*, 133 S. Ct. at 2163.

3

review the factual determinations that contribute to selecting a Guidelines range for clear error.[8] We do not question the credibility determinations; that is distinctly the province of the District Court. But the District Court found precisely the drug quantities suggested to it by the Presentence Investigation Report, and even crediting every witness, we cannot find evidence in the record to support the drug quantities found by the District Court.

The PSR's drug quantity calculation relied on twice-monthly drug buys of minimum 250g cocaine and 10g heroin, for sixteen months, with an additional two isolated kilogram purchases of cocaine added in, for a total of 9kg of cocaine and 320g of heroin.[9] The District Court stated that it relied on the trial testimony of Jorge San Miguel, Angel Cruz, Jerome Brunson, and Darryl Pierce to determine the drug quantities.[10] But neither Cruz nor Pierce's testimony contributed to the eventual calculations, most of which came from the testimony of Zenaida Arroyo, whom the court did not mention.

Arroyo testified that Lopez-Esmurria came to Fremo Santana's house "a couple times a month" to pick up drugs, the smallest cocaine package she ever saw Santana use was 250g, and the smallest heroin package was one "finger" (10g).[11] The calculations base both the frequency of pickups and minimum purchase on Arroyo's testimony. But

---

[8] *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).
[9] J.A. 465-66.
[10] J.A. 561.
[11] J.A. 304-06, 310.

4

there is an unstated assumption that every time Lopez-Esmurria came to Santana's house, Lopez-Esmurria received *both* heroin and cocaine, although no witness testified to that.[12]

The information about the two individual kilograms of cocaine came from the testimony of San Miguel and Brunson. San Miguel testified that at some undetermined time between 2009 and when he was imprisoned in April 2010, he saw Lopez-Esmurria purchasing a kilogram of cocaine from Fremo Santana.[13] Brunson similarly testified to seeing Lopez-Esmurria receive what appeared to be a kilogram of cocaine, but he insisted that he did not know for certain. Like San Miguel, Brunson's timeline was unspecified between 2009 or 2010.[14] While the indictment in this case is for conduct that postdated March 2010, the PSR and the Government included—and the District Court accepted— both of these purchases in the calculation uncritically.

Though the quantities were described as "very very conservative" estimates,[15] they are not.[16] The District Court erred by unquestioningly accepting these calculated drug

---

[12] At oral argument, counsel for the Government was asked where in the record it indicates that Lopez-Esmurria received both drugs each time he visited Santana, and he responded that he "can't specifically point to the record in that regard." Oral Arg. at 20:20, *available at* http://www2.ca3.uscourts.gov/oralargument/audio/14-4166USAv.LopezEsmurria.mp3. Counsel further stated unspecifically that the assumption was based on "at least several witnesses that testified as to drug weight," *id.* at 21:19, and eventually admitted that he "believe[s] there's no specific testimony that he was absolutely getting cocaine and heroin every single time." *Id.* at 22:41.
[13] J.A. 167, 463.
[14] J.A. 283.
[15] J.A. 574.

quantities. We will therefore affirm the judgment of conviction but vacate the judgment of sentence and remand this case to the District Court for recalculation of the appropriate Guidelines Range on the record actually before it and resentencing.[17]

---

[16] The Government separately asserts, with no basis in fact, that Lopez-Esmurria "was receiving . . . up to 1/4 kilogram quantities of heroin approximately two times per month." Gov't Br. at 10 (citing PSR ¶ 6). The PSR citation does not point to any actual evidence to support that statement, and Lopez-Esmurria objected to the drug quantities in the PSR. An independent review reveals *no* place in the entire record that even mentions a single instance of a quarter-kilogram quantity of heroin. While this assertion did not factor into the ultimate calculations, it demonstrated the carelessness with which both the PSR and the Government's brief treated drug quantities that led to extra years' imprisonment.

[17] We have considered the remainder of Lopez-Esmurria's arguments, that the District Court erroneously applied the leadership role enhancement and that the District Court abused its discretion in admitting testimony that predated the time frame in the Indictment, and find them without merit.

6

## CERTIFICATION OF BAR MEMBERSHIP, IDENTICAL TEXT, VIRUS CHECK, AND WORD COUNT

I, Samuel Rivera, Esquire, certify that:

1.    I am a member in good standing of the bar of this Court;

2.    The text of the electronic format of the Brief of Appellant is identical to the hard copy format;

3.    A virus check was performed on the computer and on the Brief and Volume I and Volume II of Appendix of Appellant, using Malwarebytes, Spybot Search & Destroy, and Avast! Software programs, last updated February 19, 2017, and no virus was detected;

4.    Appellant's Brief contains less than 13,000 words.

I make this combined certification under penalty of perjury, pursuant to 28 U.S.C. § 1746.

/s/    *Samuel Rivera*
Attorney for Appellant

## CERTIFICATE OF SERVICE

This Brief and Appendix were submitted electronically to the Court on

February 20, 2017, and within five days, four copies were filed via U.S. First Class

Mail, postage prepaid, to the Court; one copy of the brief  and one copy of

Appendix II were mailed to Daryl F. Bloom, AUSA, Office of the United States

Attorney, 228 Walnut Street, Room 220, Harrisburg, PA 17101, counsel for the

Appellee, via U.S. First Class Mail, postage prepaid; and one copy mailed to

Freddie Lopez-Esmurria, No. 12378-067, Allenwood Correctional Institute, P.O.

Box 1000, White Deer, PA 17887, via U.S. First Class Mail, postage prepaid.


/s/    *Samuel Rivera*
Samuel Rivera
Attorney for Appellant